UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD B. KENDERDINE, Special Administrator of the ESTATE OF VIVIAN C. KENDERDINE, DECEASED, <br><br> Plaintiff, <br><br> vs. <br><br> ROSLYN ELEVATOR AND MARCIA R. SCHMIDT, <br><br> Defendants. | CIVIL ACTION NO.: 1:20-cv-1030 <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Richard B. Kenderdine, as Special Administrator of the Estate of Vivian C. Kenderdine, Deceased, by and through his attorneys of record, and for his causes of action against Defendants Roslyn Elevator and Marcia R. Schmidt, state and allege as follows:

**THE PARTIES**

1. Plaintiff Richard B. Kenderdine (hereinafter "R. Kenderdine") was appointed Special Administrator of the Estate of Vivian C. Kenderdine by the Third Judicial Circuit Court, Codington County, South Dakota, on October 2, 2020, Estate of Vivian C. Kenderdine, Pro. #20-45. R. Kenderdine was the husband of decedent, Vivian C. Kenderdine (hereinafter "Vivian") and is a resident of Manitoba, Canada. R. Kenderdine asserts claims on behalf of Vivian, her estate and her heirs.

2. Vivian was born on August 11, 1951 and died from injuries sustained in the collision that is the subject of this lawsuit on June 11, 2019.

3. Vivian was a resident of Manitoba, Canada. She was married to R. Kenderdine and has three surviving children, Tara-Leigh Adele Nield, Quinn Campbell Kenderdine, and Richard Thomas Dalton Kenderdine.

4. Defendant Roslyn Elevator is a corporation organized and existing pursuant to the laws of the State of South Dakota, with its principal place of business in Roslyn, Day County, South Dakota. It operates as a grain elevator.

5. Defendant Marcia R. Schmidt (hereinafter "Schmidt") was at all times material hereto a resident of Roslyn, Day County, South Dakota, and was an employee and principal officer of Roslyn Elevator.

## JURISDICTION

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that Plaintiff's residency is diverse from that of all Defendants. Further, the damages amount at issue in this case exceeds $75,000.

## FACTS

7. On June 11, 2019, at approximately 10:57 a.m., Defendant Schmidt was traveling southbound on Interstate 29 (hereinafter "I-29") north of Watertown, Codington County, South Dakota.

8. Defendant Schmidt was operating a white 2016 Ford F150, bearing South Dakota license plate 22E541.

9. The vehicle Schmidt was driving was owned by Defendant Roslyn Elevator. Schmidt was an agent of Roslyn Elevator and was authorized by Roslyn

Elevator to operate the vehicle on June 11, 2019 at the time and place of the collision.

10. Schmidt was driving her vehicle with the cruise control set at 82 mph.

11. The speed limit on I-29 where Schmidt was driving was 80 mph.

12. On the morning of June 11, 2019, Vivian was also traveling southbound on I-29 north of Watertown, Codington County, South Dakota.

13. Vivian was driving a purple 2008 Harley Davidson motorcycle, bearing Manitoba license 9CB07.

14. Vivian and her two friends on their own motorcycles were traveling from Aberdeen, Brown County, South Dakota to Topeka, Shawnee County, Kansas for an all-woman motorcycle rally.

15. On the morning of June 11, 2019, at the location of the crash scene, the temperature was 61 degrees Fahrenheit with an overcast and cloudy sky and visibility was ten miles.

16. While traveling southbound on I-29, at approximately 10:49 a.m., Vivian and her two friends stopped on the far-right side of the shoulder of I-29 under the 161st Street bridge overpass for several minutes.

17. A few minutes after stopping, Vivian and her two friends checked for traffic, signaled their intent to merge onto the roadway and drove their motorcycles from the shoulder into the driving lane.

18. Shortly after entering the roadway, Vivian was struck from behind by Schmidt.

19. The impact violently separated Vivian from her motorcycle. Vivian came to rest in the median of I-29, where she eventually succumbed to the injuries received in the collision.

20. Schmidt said she did not see Vivian or her two friends prior to impact and did not perceive any of the three motorcycles ahead of her on the roadway.

21. Nothing prevented Schmidt from seeing Vivian and her friends, had she been keeping a proper lookout for traffic.

22. The southbound passing lane of I-29 where the collision occurred was clear of traffic and nothing prevented Schmidt from moving into that lane to avoid the impact.

23. In driving carelessly, following too closely, failing to move over when overtaking Vivian's motorcycle and in speeding, Schmidt was in violation of SDCL §§ 32-24-8, 32-26-40, 36-26-26, and 32-25-4, respectively.

## COUNT 1
## WRONGFUL DEATH

24. Plaintiff realleges all preceding paragraphs as if set forth herein.

25. Vivian sustained violent and catastrophic injuries as a result of the reckless and negligent actions of Defendant Schmidt, which resulted in the death of Vivian.

26. The negligence of Defendant Schmidt was the direct and proximate cause of the death of Vivian.

27. Defendant Schmidt's actions as described in this complaint were the legal cause of the substantial injuries and damages to Vivian and her heirs,

including, but not limited to, pain, suffering, mental anguish, wrongful death, funeral expenses, the loss of love, support, aide, counsel, society, companionship, guidance, services, loss of income and property damage in an amount to be proven at trial.

## COUNT 2
## SURVIVAL ACTION

28. Plaintiff realleges all preceding paragraphs as if set forth herein.

29. Vivian did not die immediately as a result of the impact with Defendant Schmidt's vehicle.  Vivian experienced terror and anguish in the sudden apprehension of imminent death and excruciating conscious pain and suffering. Defendant Schmidt is liable for all resulting conscious pain and suffering suffered by Vivian prior to her death pursuant to SDCL 15-4-1.

## COUNT 3
## RESPONDEAT SUPERIOR LIABILITY

30. Plaintiff realleges all preceding paragraphs as if set forth herein.

31. At the time of the collision, Defendant Schmidt was acting within the course and scope of her employment with Defendant Roslyn Elevator, and was an agent of Roslyn Elevator.

32. It was foreseeable to Roslyn Elevator that Schmidt could be involved in, and cause, a collision while driving the vehicle owned by Roslyn Elevator.

33. As a result of Schmidt's relationship with Roslyn Elevator, Roslyn Elevator is responsible for all harms and losses legally caused by Schmidt's negligent actions.

WHEREFORE, Plaintiff requests a judgment against Defendants as follows:

1. For compensatory and general damages in an amount which the jury determines is just and proper;

2. For special and economic damages in an amount which the jury determines is just and proper;

3. For Plaintiff's costs and disbursements herein;

4. For interest as provided by law; and

5. For any other and future relief which the Court determines is just and proper.


Dated this 19th day of November 2020.


       */s/ William D. Sims*
       William D. Sims
       Jeff Cole
       NORTHERN PLAINS JUSTICE, LLP
       4301 W. 57th Street, Suite 121
       Sioux Falls, SD  57108
       T: (605) 306-4100
       E: Bill@northernplainsjustice.com
          JCole@northernplainsjustice.com
       *Attorneys for Plaintiff*

## PLAINTIFF DEMANDS TRIAL BY JURY

Comes now Plaintiff, Richard B. Kenderdine, as Special Administrator of the Estate of Vivian C. Kenderdine, Deceased, by and through one of his attorneys of record, and hereby demands a trial by jury on all issues triable of right by jury.

*/s/ William D. Sims*
One of the attorneys for Plaintiff

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____